**NATIONAL LABOR RELATIONS BOARD, Petitioner–Cross–Respondent,**

v.

**CIBAO MEAT PRODUCTS, Respondent–Cross–Petitioner.**

No. 03–4997, 03–40023.

United States Court of Appeals, Second Circuit.

Jan. 12, 2004.

Kathleen E. Lyon, National Labor Relations Board, Washington, D.C. (Arthur F. Rosenfeld, John E. Higgins, Jr., John H. Ferguson, Aileen A. Armstrong, Fred L. Cornnell), for Petitioner, of counsel.

Irene Donna Thomas, Thomas & Associates, Brooklyn, NY, for Respondent.

PRESENT: JACOBS, STRAUB,

Circuit Judges, and CARMAN, Judge.*

### SUMMARY ORDER

The National Labor Relations Board (the "Board") applies to this Court for enforcement of its Decision and Order dated April 11, 2003, and Cibao Meat Products ("Cibao") cross-petitions for review. The Board adopted the ALJ's findings that Cibao impermissibly imposed a one-day suspension on Mario Mendez for engaging in a concerted, protected activity and impermissibly terminated three other employees whom it feared would protest the suspension. Among other things, the Board ordered Cibao to reinstate the three terminated employees, make whole those three employees as well as Mario Mendez (for the one day), and cease and desist from interfering with its employees' rights to engage in protected, concerted activities.

This Court's "review of Board orders is quite limited." *NLRB v. Katz's Delicatessen, Inc.,* 80 F.3d 755, 763 (2d Cir.1996). "We must enforce the Board's order[s] where its legal conclusions are reasonably based, and its factual findings are supported by substantial evidence on the record as a whole." *Id.* Both standards are extremely deferential. *See, e.g., NLRB v. Caval Tool Div.,* 262 F.3d 184, 188 (2d Cir.2001). Cibao argues for alternative findings and inferences that were available and permissible. But the Board's legal conclusions are reasonably based, and substantial evidence supports its factual findings.

Accordingly, the application to enforce the Board's order is hereby GRANTED,

and the cross-petition for review is DENIED.